**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:MSI:KMA; 2018V01833

*271-A Cadman Plaza East, 7th Floor*
*Brooklyn, New York 11201*

November 13, 2018

By ECF

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  Raritan Baykeeper, Inc. v. Queens Ready Mix, Inc.,
>      Civil Action No. 18-CV-02619 (RJD) (VMS)

Dear Judge Dearie:

This letter is respectfully submitted to notify Your Honor that the United States does not object to the entry by the Court of the Proposed Consent Decree (Dkt. #12-1) in this citizen suit brought under the Clean Water Act, 33 U.S.C. § 1365.

The citizen plaintiff in a citizen enforcement suit filed against an alleged violator is required to serve a copy of a proposed consent judgment on the Department of Justice Citizen Suit Coordinator and on the Environmental Protection Agency. 40 C.F.R. § 135.5(a). The Citizen Suit Coordinator for the Department of Justice received a copy of the Proposed Order on September 27, 2018. The Clean Water Act provides in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator [of the Environmental Protection Agency].

33 U.S.C. § 1365(c)(3). A settlement that does not undergo this federal review process is at risk of being void. In its review, the United States seeks to ensure that the proposed consent decree complies with the relevant requirements of the statute and is consistent with its purposes. *See Local Number 93, International Association of Firefighters, AFL-CIO C.L.C v. City of Cleveland*, 478 U.S. 501, 525 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint is based). For example, if the

defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project ("SEP") payment sufficient to deter future violations.

The United States has reviewed the Complaint for Declaratory and Injunctive Relief and Civil Penalties ("Complaint") and the Proposed Consent Decree. In its Complaint (Dkt. #1), Plaintiff Raritan Baykeeper, Inc. (d/b/a NY/NJ Baykeeper) alleges violations of Sections 301(a) and 402(p)(2)(B) of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342(p)(2)(B), by Defendant Queens Ready Mix, Inc. The Complaint alleges that, at its industrial site located at 149-01 95th Avenue, Jamaica, New York ("the Facility"), Defendant engages in industrial activities, including the purchase, collection, cutting, and outdoor storage of sand, aggregate, stone, Portland cement, and other substances used in manufacturing, loading, and delivering ready mix concrete, and that the Facility houses a ready mix concrete plant, a fleet of trucks, truck washing equipment, piles of raw materials, and other industrial equipment. The Complaint alleges that Defendant's activities and practices expose materials and pollutants to precipitation and stormwater, and that polluted stormwater runoff is discharged from the Facility into Jamaica Bay through the multiple separate storm sewer system. The Complaint also alleges that Defendant has failed to obtain coverage under and comply with the conditions of an individual National Pollutant Discharge Elimination System ("NPDES") permit or the New York State General Permit for the Discharge of Stormwater Associated with Industrial Activity issued by the New York State Department of Environmental Conservation ("NYSDEC") ("General Permit"). The Complaint further alleges that Defendant has failed to apply for an NPDES permit, has failed to comply with or implement the mandatory and specific control measures and best management practices required by the General Permit, and has failed to develop and implement an adequate Stormwater Pollution Prevention Plan ("SWPPP"). The Complaint seeks declaratory and injunctive relief, civil penalties, and attorney fees and costs.

In the Proposed Consent Decree, Defendant does not concede that it has violated the Clean Water Act. Defendant states that it has provided Plaintiff with a draft SWPPP for the Facility, and that it will submit a Notice of Intent to obtain coverage under the General Permit to NYSDEC or an individual permit within two weeks of the entry of the Proposed Consent Decree. The Proposed Consent Decree also provides that Defendant will operate the Facility in compliance with the applicable requirements of the Clean Water Act, and will implement the SWPPP in compliance with the terms of the General Permit and the Clean Water Act. The Proposed Consent Decree further provides that Defendant shall maintain in good working order all stormwater collection and treatment systems currently installed or to be installed pursuant to the Proposed Consent Decree, including but not limited to existing housekeeping measures as required by the SWPPP and the Clean Water Act. The Proposed Consent Decree also provides for an environmental benefit payment to the New York City Soil & Water Conservation District, a political subdivision of New York State government,[1] in the amount of $7,500.00 for use on projects relating to the reduction, mitigation, and/or

---

[1]  *See* N.Y. Soil & Water Conserv. Dist. L. §§ 3.1, 5, 9.

remediation of the effects of stormwater pollution or environmental restoration of, or other benefit to Jamaica Bay or New York Harbor watershed. Finally, Defendant agrees to pay to Plaintiff's counsel the sum of $10,000.00 as attorneys' fees and costs.

As noted above, the Proposed Consent Decree provides for an environmental benefit payment on behalf of the New York City Soil & Water Conservation District for environmental projects benefitting Jamaica Bay. Where a consent judgment provides for the possible payment of sums to a third party that is to undertake an environmental benefit payment or SEP, the United States ordinarily requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax-exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the environmental benefit payment funds were spent. The package containing the Proposed Consent Decree that Plaintiff sent to the Citizen Suit Coordinator for the Department of Justice contained a letter dated September 20, 2018, from the New York City Soil & Water Conservation District confirming that that all funds received by the District as a result of the Proposed Consent Decree will be used solely to fulfill the purpose of the Proposed Consent Decree, in particular to implement a project to enhance the ecosystem of Jamaica Bay.[2] The letter further states that the New York City Soil & Water Conservation District will not use any of the funds for lobbying or other political activities. The United States believes that the letter will help to ensure that any monies expended under the Proposed Consent Decree will be used in a manner that furthers the purposes of the Clean Water Act, and that is consistent with the law and the public interest.

The United States states for the record that it is not bound by this settlement. *See, e.g.*, *Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound the resolution of issues in cases to which he was not a party); *Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements brought under the Clean Water Act and may "bring its own enforcement action at any time"); *Antrim Mining, Inc. v. Davis*, 775 F. Supp. 165, 171 (M.D. Pa. 1991) (collecting cases); *see also Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended "to supplement rather than supplant governmental action"); *Borough of Upper Saddle River, N.J. v. Rockland County Sewer District #1*, 16 F. Supp. 3d, 294, 301 (S.D.N.Y. 2014) (same).

Further, if the parties subsequently propose to modify any final order entered in this case, they should notify the United States and provide a copy of the proposed modifications

---

[2] A copy of the letter is enclosed.

to the United States forty-five (45) days before the Court enters any further order. *See* 33 U.S.C. § 1365(c)(3).

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY


By:     s/*Kathleen A. Mahoney*
        KATHLEEN A. MAHONEY
        Assistant U.S. Attorney
        (718) 254-6026
        kathleen.mahoney@usdoj.gov

Enclosure

cc:     (by ECF)

        Michael DiGiulio
        Super Law Group, LLC
        Attorneys for Plaintiff

        Denis G. Kelly
        Denis G. Kelly & Associates, P.C.
        Attorneys for Defendant