UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RARITAN BAYKEEPER, INC. (d/b/a NY/NJ BAYKEEPER),<br><br>           Plaintiff,<br><br>   v.<br><br>QUEENS READY MIX, INC.,<br><br>           Defendant. | Case No. 1:18-cv-2619-RJD-VMS<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387) |

---

## MOTION FOR ENTRY OF PROPOSED CONSENT DECREE

Plaintiff moves with the consent of all parties for the Court to enter the attached Proposed Consent Decree.

On September 20, 2018, Plaintiff notified the Court that the Parties had agreed to settle the case. The Parties lodged a Proposed Consent Decree with the Court at that time and asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act and its regulations, to allow the United States to review the Proposed Consent Decree. *See* 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b); Dkt. No. 12. The Court ordered the parties to move to enter the Proposed Consent Decree by November 23, 2018.

Thereafter, Plaintiff provided copies of the Proposed Consent Decree to the United States. On November 13, 2018, the United States Department of Justice filed a letter notifying the Court that "the United States does not object to the entry by the Court of the Proposed

Consent Decree . . . in this citizen suit brought under the Clean Water Act, 33 U.S.C. § 1365." *Id.* at 1.

The parties jointly move to enter the Proposed Consent Decree. When approving a settlement agreement and entering a consent decree, a district court need only determine that the settlement is "fair, reasonable and adequate." *West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079, 1085 (2d Cir. 1971) (quotation omitted). If, as here, the underlying suit "seeks to enforce a statute, the decree must be consistent with the public objectives sought to be attained by Congress." *U.S. v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981); *see Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986). In the context of the CWA, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Ultimately, consent decrees "encourage[] informal resolution of disputes, thereby lessening the risks and costs of litigation," *SEC v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984), and reducing the overall expense of environmental compliance.

In its complaint, Baykeeper alleged that Defendant was discharging polluted stormwater associated with industrial activity without a permit from its concrete manufacturing facility. Dkt. No. 1 at 9-10. The Proposed Consent Decree requires Defendant to seek permit coverage under New York State's General Permit and to implement a Stormwater Pollution Prevention Plan. Proposed Consent Decree § III. In addition, Defendant is required to pay New York City Soil and Water Conservation District an Environmental Benefit Payment in the amount of $7,500 to be used on projects that will improve the environment of Jamaica Bay and the New York Harbor watershed. *Id.* § VI.13.

These terms are fair, reasonable, and adequate.  By requiring Defendant to obtain permit coverage and comply with the CWA, the consent decree remedies the specific statutory violations alleged in the complaint and ensures that Defendant will remain in compliance moving forward.  As evidenced by DOJ's review and approval, the settlement is in accordance with public policy.  Dkt. No. 13.  The Court should enter the Proposed Consent Decree because doing so will further the twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For these reasons, Plaintiff moves with the consent of all parties for the Court to enter the attached Proposed Consent Decree by signing on page 8 of the document.

Respectfully submitted this 19th day of November 2018.

s/ Michael DiGiulio

Super Law Group, LLC
180 Maiden Lane, Suite 603
New York, NY 10038
(212) 242-2355
*Attorney for Plaintiff*