UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
RARITAN BAYKEEPER, INC. (D/B/A NY/NJ
BAYKEEPER),

           Plaintiff,                       Case No. 18-cv-2619

    v.                               [PROPOSED] CONSENT
                                        DECREE

QUEENS READY MIX INC.,

           Defendant.
---------------------------------------------------------------- X

       WHEREAS, Plaintiff Raritan Baykeeper, Inc. (D/B/A NY/NJ Baykeeper) ("Baykeeper") is a not-for-profit environmental organization organized under the laws of the state of New York, with its principal place of business in Keyport, New Jersey.

       WHEREAS, Queens Ready Mix Inc. ("QRM") is a corporation incorporated under the laws of the State of New York which owns and operates a concrete ready-mix facility at 149-01 95th Ave, Jamaica, New York, 11435 at Block 10000 and Lot 31 (the "Facility").

       WHEREAS, Baykeeper alleges that Defendant discharges polluted stormwater runoff from the Facility into the waters of the United States, including Jamaica Bay, a navigable water of the United States.

       WHEREAS, Baykeeper alleges that the Facility falls within Standard Industrial Classification ("SIC") code 3273, establishments primarily engaged in manufacturing concrete and that the discharge of stormwater associated with activities at the Facility is subject to the General Permit for the Discharge of Stormwater Associated with Industrial Activity ("General Permit") issued by the New York State Department of Environmental Conservation ("DEC"), Permit No. GP-0-17-004.

       WHEREAS, Baykeeper sent a notice of intent to sue Defendant (the "Notice Letter") on March 1, 2018 and filed this action on May 3, 2018 alleging violations of 33 U.S.C. §§ 1311(a) and 1342 of the Clean Water Act (CWA) at the Facility and seeking declaratory and injunctive relief, civil penalties, and reasonable attorneys' fees and costs.

       WHEREAS, Defendant provided Baykeeper with a draft of their Stormwater Pollution Prevention Plan ("SWPPP") (Attached and incorporated herein), which Baykeeper has reviewed and has had an opportunity to communicate its comments, if any to Defendant for incorporation into the SWPPP.

1

WHEREAS, without any concession or admission by Defendant that it has in any way violated the CWA, or any applicable law in New York or any concession or admission by Baykeeper that Defendant's implementation of the SWPPP will assure compliance with the CWA, Baykeeper and Defendant (collectively, "the Parties" or individually "Party") agree that it is in their mutual interest to resolve this matter without the taking of evidence or findings of fact or law, and the Parties would like to avoid prolonged and costly litigation.

WHEREAS, this Decree shall be submitted to the United States Department of Justice and the United States Environmental Protection Agency for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendant of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

**I.   DEFINED TERMS**

The defined terms set forth in the foregoing recitals are hereby incorporated into the body of this Decree and are made a part hereof. In addition, the following terms used in this Decree have the meaning set forth below:

1. Effective Date: the day the Court enters this Decree after the expiration of the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

2. The Facility: the concrete ready-mix facility at 149-01 95th Ave, Jamaica, New York, 11435 at Block 10000 and Lot 31.

3. Term of this Decree: two years from the effective date.

4. The Agencies: the United States Environmental Protection Agency and the United States Department of Justice.

**II.   JURISDICTION AND VENUE**

5. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). Baykeeper has standing and has complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between Baykeeper and Defendant. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

2

6. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because the events giving rise to this action are alleged to have occurred at the Facility and in Jamaica Bay, a navigable water of the United States that is located within this judicial district.

7. **Consent.** For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant. For purposes of this Decree, Defendant consents to venue in this judicial district.

### III. CLEAN WATER ACT COMPLIANCE

8. **CWA Compliance.** Defendant agrees to operate the Facility in compliance with the applicable requirements of the Clean Water Act.

9. **Application for Permit Coverage.** Defendant will submit to DEC a Notice of Intent to seek Coverage under the General Permit (or an individual permit) for the Facility within two weeks of the Effective Date.

10. **SWPP Implementation.** Defendant will implement the attached SWPPP at the Facility in compliance with the terms of the General Permit, which is hereby incorporated into this Decree, and the Clean Water Act. A failure to adhere to the SWPPP is a violation of this Decree.

11. **SWPPP Amendments.** If Defendant amends the SWPPP or is required to amend the SWPPP for any reason including but not limited to the reasons enumerated in the General Permit within one year from the effective date of this Decree, Defendant shall provide written notice to Baykeeper within thirty 30 days of the amendment or of learning of the need to amend its SWPPPs, whichever is sooner, and shall provide Baykeeper with all documents related to such amendment.

12. **Implemented Storm Water Controls.** Defendant shall maintain in good working order all storm water collection and treatment systems currently installed or to be installed pursuant to this Decree, including but not limited to existing housekeeping measures as required by the SWPPP and the General Permit.

### VI. PAYMENTS

13. **Environmental Benefit Project.** Defendant shall pay seven thousand five hundred dollars ($7,500) in the form of a certified bank check to the New York City Soil & Water Conservation District all of which shall be used for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater pollution or environmental restoration of, or other benefit to Jamaica Bay or the greater New York City watershed. The payment has been placed in escrow with Defendant's attorney and will be transferred to Baykeeper's attorney on or before the 7th day after the Effective Date. Defendant shall notify Baykeeper in writing concurrently when the payment is

3

made and provide a copy of the check. None of this payment shall be disbursed to Baykeeper.

14. **Fees, Costs, and Expenses.** Defendant shall pay a sum of ten thousand dollars ($10,000) as full and complete satisfaction of Baykeeper's claims for attorneys' fees and costs incurred or to be incurred in connection with this action, including investigative and expert costs. The payment has been placed in escrow with Defendant's attorney and will be transferred to Baykeeper's attorney in the following manner: $10,000 on or before the 7th day after the Effective Date of this Decree. The check shall be payable to "Super Law Group, LLC." The payment will be deposited in Super Law Group's IOLA Trust Account for the benefit of Baykeeper.

## VII.   EFFECT OF DECREE

15. **Baykeeper's Release of Liability.** Upon Court approval and entry of this Consent Decree, Baykeeper covenants not to sue and releases Defendant (including its representatives, assigns, agents, employees, officers, attorneys and consultants) from any and all claims, causes of action, or liability related to stormwater under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, for damages, penalties, fines, injunctive relief, or any other claim or relief (i) relating to or resulting from noncompliance with the Clean Water Act occurring prior to the Effective Date, and (ii) for any past violations of the Clean Water Act at the Facility alleged or that could have been alleged in the Complaint. This Paragraph does not constitute a waiver or release of any claims relating to the enforcement of this Decree.

16. **Reservation.** Baykeeper does not waive its right to bring a future action for injunctive or declaratory relief, penalties, and attorneys' fees and costs based on stormwater discharges that occur in violation of the Clean Water Act after the Term of this Decree. Future actions based on matters that have been addressed by this Decree or could have been addressed in this Decree are not reserved, so long as Defendant is in compliance with this Decree.

17. **Defendant's Releases of Liability.** Defendant releases and discharges Baykeeper and its representatives, assigns, agents, employees, officers, attorneys and consultants, including those who have held positions in the past, from any and all claims, liability, demands, penalties, costs, and causes of action of every nature which concern or are connected with this action.

18. **Compliance with Law.** Baykeeper does not by consent to the Decree warrant or aver in any manner that Defendant's compliance with this Decree shall constitute or result in compliance with federal or state law or regulation. Nothing in this Decree shall be construed to affect or limit in any way the obligations of Defendant to comply with all federal, state, and local laws and regulations governing any activity required by this Decree.

## VII.   FEDERAL REVIEW OF DECREE

4

19. **Review by Agencies.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Decree cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Decree by the Agencies. Therefore, upon signing of this decree by the Parties, Baykeeper shall serve copies of this Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. If for any reason the United States should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Decree raised by the United States.

20. **Entry of Order.** Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Decree. This Decree shall take effect on the date it is entered by this Court and shall terminate two years from when it is entered by the Court. If for any reason the Court should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

## VIII. MODIFICATION AND ENFORCEMENT OF DECREE

21. **Modification in Writing.** This Decree may be modified only upon written consent of the Parties and the approval of the Court.

22. **Continuing Jurisdiction of the Court.** The United States District Court for the Eastern District of New York shall retain and shall have jurisdiction over the Parties to this Decree for the resolution of any disputes that may arise under this Decree. This Court shall also allow this action to be reopened for the purpose of enabling the Parties to this Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree.

23. **Notice.** Baykeeper shall provide Defendant with thirty (30) business days written notice and a reasonable opportunity to cure any alleged defect or non-compliance prior to initiating court proceedings to enforce this Decree at the address shown below in the signature line.

24. **Fee Awards.** In resolving any dispute arising from this Agreement, the Court shall have discretion to award attorneys' fees and costs to either party.

## IX. MISCELLANEOUS PROVISIONS

25. **Entire Agreement.** This Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements and understandings, whether oral or written, among the Parties.

26. **Notices.** Any notice, demand, copies of documents and other communications required to be made under the provisions of this Decree (collectively, "Notices") by any Party hereto shall be effective only if in writing and (a) personally served, (b) mailed by United States registered or certified mail, return receipt requested, postage prepaid, (c) sent by a nationally recognized courier service (i.e., Federal Express) to be confirmed in writing by such courier, or (d) sent by electronic mail, the receipt of which to be confirmed in writing by electronic mail. Notices shall be directed to the Parties at their respective addresses set forth below.

Notices for Baykeeper shall be sent to:

Mike DiGiulio
Super Law Group, LLC
180 Maiden Lane, Suite 603
New York, NY 10038
mike@superlawgroup.com
*Attorney for Baykeeper*

Notices sent to the individual listed above at the address listed above shall be deemed as notice to Baykeeper.

Notice for Defendant shall be sent to:

William B. Ife
1565 Franklin Avenue
Suite 200
Mineola, New York 11501
wbife@verizon.net
*Attorney for Defendant*

Notices sent to the individual listed above at the address listed above shall be deemed as notice to Defendant.

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

27. **Authorization.** Each person signing this Decree represents and warrants that s/he has been duly authorized to enter into this Decree by the Party on whose behalf it is indicated that the person is signing.

28. **Successors and Assigns.** This Decree shall be binding upon and inure to the benefit of the Parties and their respective representatives, heirs, executors, administrators, successors, officers, directors, agents, attorneys, employees and permitted assigns.

29. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Decree, but shall be

6

construed as if all Parties prepared this Decree, and any rules of construction to the contrary are hereby specifically waived. The terms of this Decree were negotiated at arm's length by the Parties hereto. The language in all parts of this Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined by law, in the General Permit, Clean Water Act or specifically herein.

30. **Headings.** The section and paragraph headings contained in this Decree are for reference purposes only and shall not affect in any way the meaning or interpretation of this Decree.

31. **Counterparts.** This Decree may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The Parties authorize each other to detach and combine original signature pages and consolidate them into a single identical original. Any one of such completely executed counterparts shall be sufficient proof of this Decree. Telecopied, scanned (.pdf), and/or facsimiled copies of original signatures shall be deemed to be originally executed counterparts of this Decree. Copies of the original Decree, whether transmitted by facsimile or other means, shall be effective.

32. **Severability.** In the event that any of the provisions of this Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

33. **Changes to the General Permit.** Defendant will comply with the General Permit and any permit modification, individual permit, or General Permit reissuance applicable to the Facility during the Term of this Decree. If new or revised benchmark monitoring cutoff concentrations or effluent limitations (numeric or non-numeric) become applicable, compliance with them is required and any exceedance of a new or modified benchmark monitoring cutoff concentration or effluent limitation will have the same effect as any exceedance of an existing benchmark monitoring cutoff concentration or effluent limitation.

Dated: 9-19-18          Queens Ready Mix, Inc.

                        By: *Michael Mastromordi*

7

Dated: 9/14/18

Raritan Baykeeper, Inc., (D/B/A NY/NJ Baykeeper)

By: Gregory A. Remcod
Title: Baykeeper and CEO

ENTERED and DATED this 29 day of November 2018

s/ Raymond J. Dearie

Honorable Raymond J. Dearie
United States District Judge

8